Filed 10/1/13  P. v. Linares CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>PABLO GARCIA LINARES,<br><br>    Defendant and Appellant. | F065191<br><br>(Super. Ct. Nos. 00-52969-2 & VHC254701) |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Lloyd L. Hicks, Judge.

Mark J. Shusted, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Wiseman, Acting P.J., Kane, J. and Detjen, J.

## STATEMENT OF THE CASE

On July 11, 2011, appellant Pablo Garcia Linares filed a petition for writ of habeas corpus in the Tulare County Superior Court. In his petition, Linares represented that he was sentenced, on May 18, 2000, to 28 years to life in prison under the "Three Strikes" law for a current offense of auto theft (Veh. Code, § 10851) with two prior strike convictions. Linares alleged that his 1995 robbery conviction did not qualify as a strike because there was no gun use enhancement; hence, his current sentence was unauthorized. Linares provided a copy of the abstract of judgment in his 1995 case; it showed he pled to one count of second degree robbery with no firearm enhancement.

On July 18, 2011, the petition was summarily denied. The trial court found Linares failed to state a prima facie case for relief, in that, under Penal Code section 1192.7, subdivision (c)(19), robbery of either degree constitutes a serious felony and, therefore, a strike; the issue could have been raised on appeal; and Linares delayed filing the petition unreasonably and without legitimate excuse.

On August 26, 2011, Linares filed a petition for writ of habeas corpus with this court, reiterating his allegations.[1] On September 8, 2011, his petition was summarily denied by order.

On or about May 14, 2012, Linares submitted a petition for writ of error *coram nobis* to the Tulare County Superior Court, in which he reiterated the allegations and claims made in his earlier habeas petition and asked to be resentenced. On May 23, 2012, the petition was denied on the same grounds as the habeas petition. Linares filed a timely notice of appeal.

---

[1]     Pursuant to Evidence Code sections 452, subdivision (d) and 459, subdivision (a), we take judicial notice of our record in case No. F063151, *In re Pablo Garcia Linares*. We do so only to ensure the relevant chronology is complete; it is not a matter "of substantial consequence to the determination of" the present action. (See Evid. Code, § 459, subd. (c).)

2.

## FACTS

The facts underlying Linares's current conviction are not contained in the record on appeal. According to Linares, his 1995 conviction resulted when he was originally charged with carjacking, but was offered a plea bargain of second degree robbery with no gun use enhancement.

## APPELLATE COURT REVIEW

Linares's appointed appellate counsel has filed an opening brief that summarizes the pertinent facts, raises no issues, and requests this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) The opening brief also includes the declaration of appellate counsel, stating that Linares was advised he could file his own brief with this court. By letter dated October 2, 2012, we invited Linares to submit additional briefing. To date, he has not done so, although he did ask this court to file on his behalf a petition for recall of sentence under Penal Code section 1170.126. We declined.

After independent review of the record, we have concluded there are no reasonably arguable legal or factual issues.

## DISPOSITION

The judgment is affirmed.